UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILIP MIZUNO,

Plaintiff,

v.

SANOFI VACCINES U.S. INC., et al.,

Defendants.

No. 2:26-cv-02115-CKD

ORDER

Defendants Sanofi Vaccines U.S. Inc. and Kadmon Pharmaceuticals, LLC, move to dismiss plaintiff's first amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. This matter is before the undersigned for all purposes including trial and entry of judgment pursuant to the parties' consent and the court's minute order dated June 30, 2026. (ECF No. 9.) This motion is suitable for decision without oral argument under Local Rule 230(g), and the hearing set on the motion is vacated. For the following reasons, the motion to dismiss is granted and plaintiff's complaint is dismissed without leave to amend.

**I. Background**

Plaintiff Philip Mizuno filed this action in state court on May 4, 2026. (ECF No. 1-1 at 4.) On June 9, 2026, defendants filed a notice of removal based on diversity jurisdiction. (ECF No. 1.) Plaintiff filed the first amended complaint on June 30, 2026, alleging he suffered severe and permanent dermatologic injuries from taking the prescription drug belumosudil, marketed as

Rezurock. (ECF No. 8.) Plaintiff alleges that after Rezurock's approval in July 2021, defendants received and possessed post-marketing safety data including adverse event reports and safety signal analyses demonstrating a greater frequency and severity of dermatologic injury than was disclosed in the drug's labeling. (Id., ¶ 2.) The first amended complaint brings claims for (1) negligence, (2) negligent failure to warn, (3) negligent design, and (4) breach of implied warranty. (Id., ¶¶ 46-60.)

On July 14, 2026, defendants filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 11.) Defendants argue plaintiff's claims are time-barred on the face of the complaint. (ECF No. 11-1.) They argue the negligent failure to warn claim and other claims are preempted by federal law and that all remaining claims and the claims for punitive damages fail. Defendants also argue there are no specific facts pleaded against defendant Sanofi Vaccines U.S. Inc. (Id.) The motion to dismiss is fully briefed with plaintiff's opposition and defendants' reply. (ECF Nos. 18, 19.)

**II. Legal Standard for Dismissal Under Rule 12(b)(6)**

A Rule 12(b)(6) motion challenges the sufficiency of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

Under the plausibility pleading standard set forth in Twombly, 550 U.S. 544, a plaintiff survives a motion to dismiss by alleging "enough facts to state a claim to relief that is plausible on its face." The complaint must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

At the Rule 12(b)(6) stage, the court accepts all nonconclusory factual allegations of the complaint as true and construes those facts and the reasonable inferences that follow in the light

most favorable to plaintiff. Iqbal, 556 U.S. at 678; see also Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005). Legal conclusions not supported by actual factual allegations need not be accepted. Iqbal, 556 U.S. at 678-79.

**III. Discussion**

**A. Request for Judicial Notice**

Defendants ask the court to take judicial notice of Exhibits A through G, which are the Rezurock FDA approval letter dated July 16, 2021 (Exhibit A) and FDA-approved Rezurock labels of various date (Exhibits B-G). See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (a court may consider matters properly subject to judicial notice on a motion to dismiss). Defendants submitted these exhibits to show that Kadmon Pharmaceuticals, LLC, and not Sanofi Vaccines U.S. Inc., is the NDA holder for Rezurock and is the only entity identified on the Rezurock labels during the period in which plaintiff claims to have used the drug. (ECF No. 11-2 at 3.)

These documents are appropriate subjects for judicial notice because they are publicly available on the FDA's website and therefore are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. See Fed. R. Evid. 201(b). However, the court does not take judicial notice of the truth of the matters asserted in the exhibits. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (the court does not judicially notice disputed factual matters). In any event, the court does not ultimately rely on the exhibits in resolving the present motion in the manner set forth herein.

**B. Statute of Limitations**

In a federal diversity action brought under state law, the state statute of limitations governs. See Bancorp Leasing & Fin. Corp. v. Agusta Aviation Corp., 813 F.2d 272, 274 (9th Cir. 1987). In California, an action for personal injury caused by the wrongful act or neglect of another must be commenced within two years. CAL. CIV. PROC. CODE § 335.1. Defendants argue the limitations period of §335.1 applies to each of plaintiff's causes of action. (ECF No. 11-1 at 22-23.) Plaintiff does not dispute that a two-year period governs each of his claims and seeks application of the delayed discovery rule to toll the statute of limitations. (ECF No. 19 at 17-18.)

////

Generally, the limitations period begins to run "when the cause of action is complete with all of its elements." Norgart v. Upjohn Co., 21 Cal. 4th 383, 397 (1999). Under an exception called the "discovery rule," accrual of a cause of action is postponed until the plaintiff discovers, or has reason to discover, the cause of action. Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 807 (2005). "A plaintiff has reason to discover a cause of action when he or she 'has reason at least to suspect a factual basis for its elements.' Id. (citing Norgart, 21 Cal.4th at 398).

"[P]laintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation. Fox, 35 Cal. 4th at 808. In order to rely on the discovery rule for delayed accrual of a cause of action, plaintiff "must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence." Id. (citation omitted) (emphasis in original); see also Grisham v. Philip Morris U.S.A., Inc., 40 Cal.4th 623, 638 (2007).

Plaintiff was prescribed Rezurock on March 25, 2024 (ECF No 8, ¶ 32.) On April 24, 2024, plaintiff met with his doctor via videoconference to discuss "frustration and concern surrounding his physical challenges attributed to a 'new medication' causing a significant increase in rash, itching, and pain to where he stopped taking the medication." (Id., ¶ 33.) Plaintiff filed this action in state court more than two years later, on May 4, 2026.

"Under the discovery rule, the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her." Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103, 1110 (1988); see Fox, 35 Cal. 4th at 807 (the court "look[s] to whether the plaintiffs have reason to at least suspect that a type of wrongdoing has injured them"). Plaintiff does not point to any allegations in the first amended complaint pleading the time and manner of discovery if it was not on or before April 24, 2024. The court does not find another time and manner of discovery pleaded, and plaintiff therefore fails to invoke the discovery rule to delay accrual of his causes of action. See Grisham, 40 Cal.4th at 638; Fox, 35 Cal. 4th at 808; Eidson v. Medtronic, Inc., 981 F. Supp. 2d 868, 894 (N.D. Cal. 2013) (rejecting application of delayed discovery exception where plaintiff did not describe the

manner of discovery or provide a certain time at which they discovered the connection between the medical device and the injuries); Pitzen v. Atl. Animal Health, Inc., No. 25-CV-0196-AJB-DEB, 2025 WL 3005345, at *7 (S.D. Cal. Oct. 27, 2025) (rejecting delayed discovery rule at the pleading stage where the court could not determine the time and manner of discovery).

The court notes defendants' prior motion to dismiss directed to plaintiff's original complaint put him on notice that he had failed to plead the time and manner of discovery. (ECF No. 6-1 at 19-20.) This suggests plaintiff cannot fix the defect. Regardless, even if plaintiff could invoke the discovery rule through further amendment, the court declines to grant leave to amend because of the other deficiencies with the merits of his claims.

**C. Negligent Failure to Warn**

Defendants argue plaintiff's negligent failure to warn claim, along with his other claims to the extent they rely on a failure to warn theory, are preempted by the federal Food, Drug, and Cosmetic Act ("FDCA"). (ECF No. 11-1 at 14-17.) They argue that in order to bring a failure to warn claim that is not preempted, plaintiff must plead a labeling deficiency which defendants could have corrected using the Changes Being Effected ("CBE") regulation, which requires plaintiff to plead the existence of "newly acquired information." (ECF No. 11-1 at 15.) Plaintiff responds that the preemption issue is an affirmative defense requiring a complicated finding of facts not appropriate upon a motion to dismiss. (ECF No. 18 at 14.)

When it is impossible for a private party to comply with both federal and state law, federal law prevails. See U.S. Const., Art. VI, cl. 2; Mut. Pharm. Co., Inc. v. Bartlett, 570 U.S. 472, 480 (2013). Relevant here, the Federal Drug Administration ("FDA") must approve the language in a prescription drug's label before a manufacturer can place that drug on the market. Wyeth v. Levine, 555 U.S. 555, 567-68 (2009). Once the FDA approves a drug label, manufacturers typically need further approval from the FDA before changing the label. Id. at 568. Under the CBE process, however, manufacturers can make a labeling change to reflect "newly acquired information" to "add or strengthen a contraindication, warning, precaution, or adverse reaction" without waiting for FDA approval. 21 C.F.R. § 314.70(c)(6)(iii)(A).

////

Whether federal law preempts state law tort claims based on warning defects is a question of law. Merck Sharp & Dohme Corp. v. Albrecht, 587 U.S. 299, 303 (2019). "Despite the fact-specific nature of the pre-emption inquiry, courts have found it permissible to decide the question on the pleadings." Holcomb v. Pfizer, Inc., No. 1:20-CV-01008-ADA-BAM, 2022 WL 17670003, at *5 (E.D. Cal. Dec. 14, 2022) (citing collected cases). Federal courts considering preemption in this context require a plaintiff to plead facts showing the existence of newly acquired information. See Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699, 708 (2nd Cir. 2019); Owens v. Johnson & Johnson Co., No. 25-CV-11129-RFL, 2026 WL 1388701, at *2 (N.D. Cal. May 18, 2026) (noting the Ninth Circuit in memorandum dispositions has twice required a plaintiff to plead a labeling deficiency that defendants could have corrected using the CBE regulation).

Here, the first amended complaint alleges in general and conclusory fashion that "[f]ollowing Rezurock's approval, Defendants received and possessed post-marketing adverse event reports through FDA-mandated reporting systems, including FAERS" and "[o]n information and belief, Defendants' pharmacovigilance systems—including FAERS data review, internal signal detection algorithms, and periodic safety update reports—identified dermatologic events [of increasing severity and chronicity] that differed in severity, persistence, and clinical presentation from those described in the approved labeling." (ECF No. 8, ¶¶ 25-27.) However, the first amended complaint identifies no specific "newly acquired information" and instead attempts to rely on these ambiguous general allegations.

Plaintiff's allegations do not suffice to plead newly acquired information. See Gibbons, 919 F.3d at 708 ("conclusory and vague" allegations… do not plausibly allege the existence of newly acquired information"); True v. AbbVie, Inc., 806 F. Supp. 3d 1361, 1371 (N.D. Ga. 2025) (rejecting argument that alleged "spike in retinal detachments recorded in the FAERS database" sufficed as newly acquired information); In re Gardasil Prods. Liab. Litig., 770 F. Supp. 3d 893, 920 (W.D.N.C. 2025) (holding that "[l]ess than a handful of… case reports, scattered unverified VAERS reports, and uncertain disproportionality 'signals'" did not amount to sufficient "newly acquired information" to unilaterally add a warning to the Gardisil vaccine label). The thrust of

plaintiff's theory is that defendants should have "pieced together" that risks of greater severity and frequency than those disclosed at the time of approval had been revealed, but he fails to plead the necessary facts to show the newly acquired information. See Gibbons, 919 F.3d at 708; Mahnke v. Bayer Corp., No. 2:19-CV-07271-RGK-MAA, 2019 WL 8621437, at *4 (C.D. Cal. Dec. 10, 2019) (rejecting conclusory assertions unsupported by adequate factual allegations as newly acquired information). Accordingly, plaintiff has not pleaded a failure to warn claim that is not preempted by the FDCA. See True, 806 F. Supp. 3d at 1372 ("Because True does not allege that newly acquired information permitted Defendants to change that Label, her failure-to-warn claim is preempted and must be dismissed.").'

**D. Negligence**

Plaintiff's negligence claim asserts a duty to exercise reasonable care in the design, testing, manufacture, distribution, and post-marketing surveillance of Rezurock, including a duty to adequately test the drug, to monitor its safety after approval, and to timely update warnings and prescribing information based on newly identified risks. (ECF No. 8, ¶ 46.)

Defendants assert California law does not recognize failure to test as an independent claim absent a resulting defect in design, manufacture, or warning, and thus that plaintiff's negligence claim merely duplicates the theories underlying the negligent failure to warn claim. (ECF No. 11-1 at 17.) Defendants argue plaintiff's negligence claim is preempted for the same reasons as his negligent failure to warn claim. (Id.) Plaintiff does not respond directly to these arguments.

Like the negligent failure to warn claim, plaintiff's negligence claim is preempted by the FDCA because plaintiff has not pleaded a labeling deficiency that defendants could have corrected using the CBE regulation. See Krantz v. Regeneron Pharms., Inc., No. 2:23-CV-08034-WLH-MRW, 2024 WL 1792769, at *5 (C.D. Cal. Apr. 24, 2024) (explaining that a cause of action for negligence against a prescription drug manufacturer depends on the adequacy of the label and is therefore subject to the preemption analysis). Plaintiff's negligence claim likewise must be dismissed. See, e.g., Mahnke, 2019 WL 8621437, at *5 (dismissing both a claim for failure to warn and a negligence claim where plaintiff did not plead a labeling deficiency the defendant could have corrected using the CBE regulation).

**E. Negligent Design Defect**

Defendants similarly argue plaintiff's negligent design claim is derivative of his preempted failure to warn theory to the extent it rests on their alleged failure to update Rezurock's "design-related risk profile" despite purportedly accumulating post-marketing evidence of severe dermatologic injury. (ECF No. 11-1 at 18.) Otherwise, defendants argue, the design defect claim is both insufficiently pleaded and independently preempted. (Id. at 18-19.) Plaintiff does not respond directly to these contentions.

"Once a drug—whether generic or brand-name—is approved, the manufacturer is prohibited from making any major changes to the 'qualitative or quantitative formulation of the drug product, including active ingredients, or in the specifications provided in the approved application.'" Mut. Pharm. Co. v. Bartlett, 570 U.S. 472, 477 (2013) (citing 21 C.F.R. § 314.70(b)(2)(i)). Plaintiff's design defect claim is preempted. See Evans v. Gilead Scis., Inc., No. 20-CV-00123-DKW-KJM, 2020 WL 5189995, at *10 (D. Haw. Aug. 31, 2020) (dismissing design defect claims with prejudice as preempted by the FDCA); Mahnke, 2019 WL 8621437, at *5 ("allegations of harm due to the design defect go to the nature of the composition of the drug" yet the defendant "had no ability to alter that composition without prior approval of the FDA").

**F. Breach of Implied Warranty**

Defendants argue, and plaintiff appears to concede, that his implied warranty claim is foreclosed under Brown v. Superior Court, 44 Cal. 3d 1049, 1069, 1072 n.14 (1988). (ECF No. 11-1 at 18-19; ECF No. 18 at 14.) See Maloney v. Am. Pharm. Co., 207 Cal. App. 3d 282, 287 (Ct. App. 1988) ("Brown further establishes that 'a cause of action for breach of warranty does not lie against a prescription drug manufacturer.'"). Plaintiff argues leave to amend should be granted so he can allege, instead, a breach of express warranty claim or a strict liability failure to warn claim. (ECF No. 18 at 14-15.)

An express warranty "is a contractual promise from the seller that the goods conform to the promise." Daugherty v. American Honda Motor Co., Inc., 144 Cal.App.4th 824, 830 (2006). Breach of express warranty requires the exact terms of the warranty, plaintiff's reasonable reliance and a breach which proximately caused plaintiff injury. Williams v. Beechnut Nutrition

Corp., 185 Cal.App.3d 135, 142 (1986). Plaintiff's argument that he be permitted to amend again to assert such a claim identifies no warranty and only states he "believes these representations exist." (ECF No. 18 at 14.) The court finds no indication plaintiff can plead facts to state a plausible claim. See generally Marroquin v. Pfizer, Inc., 367 F. Supp. 3d 1152, 1165 (E.D. Cal. 2019) (explaining information conveyed for purposes of a breach of warranty claim is viewed with respect to the prescribing physician, and finding no plausible claim where the plaintiff did not describe what information/representation her physician considered in deciding to administer the drug, how the warnings provided in the label were inadequate, or any facts to indicate she relied on anything other than her physician's judgment).

Finally, a strict liability failure to warn claim would be preempted for the same reason discussed above in regard to plaintiff's negligent failure to warn claim, because plaintiff does not adequately allege any newly acquired information. See Krantz, 2024 WL 1792769, at *5 (finding causes of action for negligence and strict products liability under a failure to warn theory share the same common allegation of the adequacy of the label as relevant to the preemption analysis). Moreover, as defendants note, plaintiff already pleaded a strict liability failure to warn claim in his original complaint (ECF No. 1-1, ¶¶ 36-49) and then dropped the claim. Plaintiff fails to demonstrate he can plead facts to state a plausible claim.

**IV. Order**

Defendants' prior motion to dismiss directed to plaintiff's original complaint put plaintiff on notice of the deficiencies discussed herein as to his claims. (ECF No. 6-1.) Plaintiff then filed the first amended complaint attempting to correct them but could not do so. Considering in addition plaintiff's arguments in opposition to the present motion to dismiss, the court concludes he cannot allege facts to state a claim upon which relief can be granted. Accordingly, the dismissal of the first amended complaint will be without leave to amend. See Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." (citation omitted)). In light of this determination, and the interests of judicial economy, the court declines to address defendants' additional arguments that plaintiff's claims for punitive damages fail and

that plaintiff fails to plead specific facts against defendant Sanofi Vaccines U.S. Inc.

For the reasons set forth above, IT IS ORDERED as follows:

1. The hearing set for August 19, 2026, is VACATED.
2. Defendants' motion to dismiss (ECF No. 11) is GRANTED and plaintiff's first amended complaint is dismissed without leave to amend.
3. The Clerk of the Court is directed to close this case.

Dated: August 14, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 mizu26cv2115.mtd